IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30130
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    v.

BETTY L. WASHINGTON,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CR-302-ALL-B)
_____
May 17, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Betty Washington ("Washington") appeals from her
convictions for 4 counts of tax fraud, 1 count of bankruptcy
fraud, and 3 counts of defrauding a federally insured
institution.  She attacks the sufficiency of the evidence
supporting her convictions for various reasons.  Additionally,
she complains that the district court erred in granting the
government's motion in limine, preventing her from presenting
evidence on her claim of malicious and vindictive prosecution,
and that the trial court again erred when it denied her a hearing

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on her bid to dismiss the indictment.  Finally, she complains that the district court committed clear error when it determined her sentence.

After having considered the briefs, arguments of counsel, and the record in this case, we conclude that the district court's judgment should be affirmed in all aspects.  First, with respect to the sufficiency of the evidence, all of Washington's arguments in this regard are meritless.  The jury had before it sufficient evidence as to each and every count (and element thereof) for which its members returned a guilty verdict.  And as to each count, the evidence viewed in the light most favorable to the government is such that a reasonable fact finder could have found Washington guilty of all charges beyond a reasonable doubt.  Accordingly, we are not at liberty to interfere with the determination of the jury.

Second, regarding the claim of malicious and vindictive prosecution, we note first that the government's motion in limine was not opposed and find no abuse of discretion in the district court's limiting of such evidence.  As to Washington's claim that the district court should have granted her a hearing on her motion to dismiss the indictment, we observe only that her self-serving testimony that Joseph Maselli threatened that his daughter, an assistant United States Attorney, would "bring down the power of the federal government" on Washington unless she "back[ed] off with the black stuff" (a reference to affirmative action) falls woefully short of creating a reasonable doubt about

the constitutionality of the prosecution.  We therefore find that the district court did not err in denying Washington a pre-trial hearing prior to rejecting her motion to dismiss the indictment.

Finally, with respect to Washington's complaints about her sentence, we have examined her arguments and, having considered the same, find that the district court neither clearly erred with respect to the factual findings nor with regard to the application of the law.

AFFIRMED